(174 App. Div. 923)

ELIAS v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1916.)

Appeal from Trial Term, Monroe County.
Action by Edward Elias against the Lehigh Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.
Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Clarence P. Moser, of Rochester, for appellant.
George S. Van Schaick, of Rochester, for respondent.

PER CURIAM. Judgment and order reversed, with costs, and complaint dismissed, with costs. Held, that the plaintiff was guilty of contributory negligence as matter of law. All concur, except

KRUSE, P. J. (dissenting). I think it should not be held as a matter of law that the plaintiff was guilty of contributory negligence. He looked twice to the east, the direction from which the engine came which struck him—once when he was about 500 feet from the crossing, where he could see between the buildings easterly beyond the station, and again about 80 feet from the crossing, where he could see about 350 feet to the east along the track. If he had looked a third time to the east after passing the coal shed, which is about 50 feet from the north or west-bound track, the engine would probably have come into view. But reasonable prudence also required him to look to the west, where his vision was obstructed by buildings and a cut, substantially up to the railroad right of way. And, besides, trains from the east usually stopped at the station, which was about 712 feet east of the crossing. Furthermore, the plaintiff was listening all the time, and looking for the flagman, who usually guarded the crossing at this time of day. The flagman was undoubtedly derelict in his duty, as he was seen coming out of his shanty after the accident. The engine was a light combination engine, used by officials of the railroad. It was running at a high rate of speed and did not stop at the station, sounding no whistle or bell, so the jury could find from the evidence.

It is undoubtedly true that the plaintiff relied to some extent upon the absence of the flagman as an assurance of safety, but I am unable to see why he should not do so. While the absence of a flagman, the silence of a crossing bell, or uplifted gates, is not as strong a declaration of safety as where the flagman by some affirmative act assures the traveler that the crossing is safe, it is such assurance of safety as may properly be taken into account by a traveler in crossing a railroad track and to some extent relied upon. A crossing bell which does not ring, gates which do not come down, or a flagman who does not flag or guard or warn when a train is dangerously near, is a trap, and if a traveler is required to use as much care and caution as

though they were not there at all, it would seem better for the safety of the traveling public that they be removed entirely, because, as is well known, travelers do rely upon them to some extent.

I think the question of contributory negligence, as well as that of the negligence of the defendant, was properly left to the jury.